UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Wesley Eitel,

Plaintiff,

MJD/JGL
Case No. CV 00-656

vs.

Crown Financial Group, Inc., and,
Kevin Reeves, individually,

Defendants and Third-Party Plaintiffs

vs.

Receivables Management Solutions, Incorporated a/k/a Receivable Management Solution, Inc. a/k/a Receivable Management Services; James Henschell; and Evan McCollum,

Third-Party Defendants.

**STIPULATION FOR ENTRY OF JUDGMENT UNDER MILLER v. SHUGART**

---

IT IS HEREBY STIPULATED AND AGREED by and between Wesley Eitel ("Eitel"), Crown Financial Group, Inc. ("Crown Financial") as follows:

1. Eitel alleges personal injury and damages against Crown Financial and its employee, Kevin Reeves ("Reeves"), as a result of an alleged violation of the Fair Debt Collections Practices Act ("FDCPA") on or about February 22, 2000.

2. As a result of said incident, Eitel has sustained various injuries, counseling expenses and will incur additional expenses in the future.

3. Eitel and Crown Financial agree that the reasonable value of all plaintiff's FDCPA claims against Crown Financial is in the amount of $50,000.00, including costs and disbursements.

4. Crown Financial has denied liability.

FILED [illegible]
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

5. At the time of the incident, Crown Financial was the named insured under the terms of a liability policy issued by The Hartford Insurance Company ("The Hartford").

6. The Hartford has disavowed coverage altogether and denies that it owes any coverage whatsoever on account of the injuries claimed by Eitel.

7. That despite repeated requests by Crown Financial, The Hartford has refused to afford and acknowledge coverage under said policy, refused to provide a defense in this lawsuit, and has refused to participate in any way whatsoever in settlement negotiations on behalf of Crown Financial.

NOW, THEREFORE, the parties to this Agreement stipulate and agree as follows:

1. Crown Financial recognizes that it could be found liable to Eitel and that therefore, Eitel shall be entitled to have judgment, and Crown Financial consents and stipulates to Eitel taking a judgment, adjudicating Crown Financial liable for damages sustained on account of the incident referred to herein in the sum of $50,000.00.

2. Crown Financial and Eitel have kept in mind and have been guided by the decision of the Minnesota Supreme Court in Miller v. Shugart, 316 N.W.2d 729 (Minn. 1982), and for and in consideration of mutual covenants and other good and valuable consideration, hereby agree as follows:

a. Crown Financial stipulates to a judgment against it in favor of Eitel in the amount of $50,000.00, inclusive of costs and disbursements.

b. Crown Financial agrees to make a payment of $2,000.00 to Eitel in addition to this stipulated judgment.

c. This judgment is explicitly not satisfiable by attachment of, nor shall it become a lien upon any real estate, real property owned, or any other owned assents, nor which hereafter may be owned by Crown Financial, and Eitel will take no action

and will refrain from any attempt to collect any portion of any judgment or settlement from Crown Financial personally.

d. Eitel will only seek to satisfy this judgment from The Hartford and may take any legal action which may be necessary.

e. If called upon by Crown Financial, Eitel will cause to be delivered a release or quit claim deed or other document as to the property of Crown Financial, as judgment debtor, affected by the judgment with the sole exception of liability which may be found to attach to the policy of insurance issued by The Hartford.

f. Eitel will file with the Court a full and complete satisfaction of judgment in favor of Crown Financial, after resolution by judgment, settlement or otherwise of the claims or actions against The Hartford. The satisfaction of judgment so filed will be a full and complete satisfaction of judgment, regardless of whether any recovery is made in the claims or actions against The Hartford.

g. Crown Financial hereby assigns and transfers to Eitel all rights and interests it has in the general liability insurance policy issued by The Hartford (Policy No. 41 UUC EU5349) that Crown Financial possesses as to issues arising out of this litigation.

3. That this agreement is not intended in any way to release any other defendants or their insurance carriers but rather all of said claims and causes of action are intended to be preserved by Eitel as against all other defendants and their insurance carriers as well as all other insurance carriers that Crown Financial may have.

4. Eitel agrees that if this agreement is void, unenforceable or fails for any reason, then Crown Financial is fully relieved of any and all personal liability and Eitel agrees to execute any additional documents or releases necessary to effectuate this paragraph.

5. **Entire Agreement.** This Stipulation contains the entire agreement between Crown Financial and Eitel and shall be binding upon and inures to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

6. **Cooperation.** Each party to this Stipulation agrees to cooperate fully and to executed any and all supplementary documents and take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Stipulation.

**THE UNDERSIGNED HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND IT, HAVING HAD THE ADVICE OF COUNSEL AVAILABLE TO THEM.**

Wesley Eitel

Crown Financial Group, Inc.

By____________________

Its PRESIDENT